# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TENNESSEE

### AT MEMPHIS

**SHANNON YOUNG,**

**Plaintiff,**

**V.**                                                    **CASE NO.**

**APPLE INC.,**

**Defendant.**

_____

## COMPLAINT FOR DAMAGES, DECLARATORY

## AND INJUNCTIVE RELIEF

_____

**Plaintiff Shannon Young** ("Plaintiff") files this Complaint against Defendant Apple Inc. ("Apple") and states as follows:

## I. PARTIES

1. Plaintiff Shannon Young is a resident of Memphis, Tennessee and the owner of an Apple ID and its associated iCloud accounts and stored data.
2. Defendant Apple Inc. is a California corporation conducting continuous, systematic business throughout Tennessee, including offering the App Store, iCloud, and Apple ID services to consumers in this district.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331

   because Plaintiff alleges violations of federal law, including the Stored

   Communications Act (18 U.S.C. §§ 2701–2712) and the Computer

   Fraud and Abuse Act (18 U.S.C. § 1030).

4. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for Tennessee

   state-law claims, including negligence, breach of duty, conversion, and

   violations of the Tennessee Consumer Protection Act.

   Venue is proper under 28 U.S.C. § 1391 because Apple conducts

   business in this district and substantial events giving rise to the claim

   occurred here.

## III. FACTUAL ALLEGATIONS

6. Plaintiff created and maintained an Apple ID, stored personal

   photographs, documents, and highly sensitive data in Apple's cloud

   servers, and used Apple's devices and App Store services continuously.

7. Plaintiff attempted to reset the Apple ID password after losing access

   and followed all required steps, including identity verification.

8.  Apple refused to restore access despite Plaintiff's identity being verifiable, effectively locking Plaintiff out of personal property stored on Apple's servers.

9.  Apple's refusal has prevented Plaintiff from accessing years' worth of irreplaceable personal photographs, personal documents, receipts, communications, and important files.

10.  Apple continues to store and control Plaintiff's property while denying Plaintiff the ability to retrieve it.

11.  As a result, Plaintiff suffered emotional distress, loss of irreplaceable digital property, and continuing harm.

## IV. ADDITIONAL FACTS: APPLE'S NEW PAYMENT-METHOD   RESTRICTION POLICY

12.  Apple recently implemented a payment-method restriction that prevents Plaintiff from removing a debit card from the Apple ID.

13.  Plaintiff previously subscribed to third-party trial apps—offered through the Apple App Store—and canceled them well before any trial period expired.

14.    Apple nevertheless displays a message that Plaintiff has an "active subscription" and therefore cannot remove the payment method.

15.    Plaintiff does not have any active subscriptions other than the recurring services already being paid for. Apple refuses to identify any alleged subscription preventing removal.

16.    When Plaintiff attempts to download free apps, the App Store blocks the download and demands that Plaintiff "update payment method" but simultaneously refuses to allow removal of the old card.

17.    Apple is effectively holding Plaintiff's debit card information "hostage"—refusing removal, dictating forced access, and compelling update of a payment method while asserting a false "active subscription."

18.    Tennessee courts have held that policies which force consumers into unnecessary payment obligations or retain payment information without justification are "unfair and deceptive practices." In Fayne v. Vincent, 301 S.W.3d 162 (Tenn. 2009), the Tennessee Supreme Court held that a business engages in an unfair practice when it knowingly places a consumer in a position where they cannot

meaningfully exercise choice or complete a transaction without surrendering additional financial information.

19.    Apple's retention of Plaintiff's debit card without lawful basis constitutes an unfair practice under federal and Tennessee law because it (1) misrepresents the existence of ongoing subscriptions, and (2) prevents Plaintiff from removing sensitive data tied to a locked account.

20.    These new payment method restrictions directly compound Apple's wrongful denial of access to Plaintiff's data by preventing Plaintiff from closing, modifying, or controlling the financial aspects of the Apple ID account.

## V. <u>LEGAL CLAIMS</u>

# COUNT I

## <u>Violation of the Stored Communications Act (18 U.S.C. §§ 2701 et seq.)</u>

21.    Plaintiff repeats and realleges all preceding paragraphs.

22.    Apple maintains Plaintiff's electronic communications and documents in electronic storage within the meaning of the SCA.

23.    Apple knowingly and intentionally prevented Plaintiff—an

authorized user—from accessing his own stored communications and

personal data.

24.    In Theofel v. Farey-Jones, 359 F.3d 1066 (9th Cir. 2004), the court

held the SCA prohibits service providers from interfering with a lawful

user's right to access their own stored emails and documents. The court

explained that the SCA protects consumers from "unjustified refusal to

provide access to stored communications."

25.    Apple's refusal to restore access, despite Plaintiff's identity

verification, constitutes a violation of the SCA.

# COUNT II

## Violation of the Computer Fraud and Abuse Act (18 U.S.C § 1030)

26.    Plaintiff re-alleges all prior paragraphs.

27.    Apple exceeded authorized access and caused "loss" under § 1030

when it locked Plaintiff out of personal property stored on Apple's

servers.

28.    In EF Cultural Travel BV v. Zefer Corp., 318 F.3d 58 (1st Cir. 2003), the court held that a party "exceeds authorized access" under the CFAA when it uses control over a system to block rightful users from accessing their own data.

29.    Apple's wrongful denial of access resulted in loss exceeding $5,000, including value of lost data, replacement costs, emotional distress, and consequential damages.

# COUNT III

**Conversion**

30.    Plaintiff adopts and incorporates previous paragraphs.

31.    Apple's refusal to allow access to Plaintiff's own photos, files, and documents constitutes wrongful dominion over Plaintiff's personal property.

32.    In Massey v. Godwin, 2020 WL 3124244 (Tenn. Ct. App. 2020), the court held that digital property, including electronic files, can be subject to conversion when a party wrongfully exercises control over it.

33.    Apple's continued retention of Plaintiff's data without allowing access or retrieval amounts to conversion.

# COUNT IV

**<u>Negligence</u>**

34.    Apple owed a duty to safeguard Plaintiff's account, data, and payment information.

35.    Apple breached that duty by (1) denying access to verified account holders, (2) withholding account recovery despite clear identification, and (3) refusing to remove Plaintiff's financial information without lawful basis.

36.    In Rice v. Sabir, 979 S.W.2d 305 (Tenn. 1998), the Tennessee Supreme Court held that a company owes a duty to prevent foreseeable harm where it controls the instrumentality causing injury.

37.    Apple's conduct directly caused foreseeable harm, financial risks, emotional distress, and irretrievable loss of personal digital property.

# COUNT V

## **Violation of the Tennessee Consumer Protection Act**

38.    Plaintiff re-alleges all above.

39.    Apple engaged in unfair and deceptive acts by:

a. refusing to restore access despite identity verification,

b. falsely asserting existence of "active subscriptions,"

c. blocking removal of Plaintiff's debit card,

d. restricting downloads of free apps unless card information is updated, and

e. retaining Plaintiff's financial information as leverage.

40.    In Morris v. Mack's Used Cars, 824 S.W.2d 538 (Tenn. 1992), the court held that deceptive practices include any act that misleads a consumer or restricts their ability to exercise free choice.

41.    Apple's conduct fits squarely within the TCPA's definition of deceptive acts.

# VI. DAMAGES

42.    **<u>Plaintiff seeks</u>**:

– Actual damages, including the value of lost digital files

– Emotional distress damages

– Statutory SCA damages

– CFAA damages exceeding $5,000

– Treble damages under the TCPA

– Punitive damages for willful misconduct

– Injunctive relief requiring Apple to restore access

– Injunction requiring Apple to remove Plaintiff's payment method upon

request

– Costs and attorney's fees

# VII. <u>PRAYER FOR RELIEF</u>

Plaintiff respectfully requests:

A. An order compelling Apple to restore full access to Plaintiff's Apple ID and all stored data.

B. An order compelling Apple to immediately remove Plaintiff's debit card upon request.

C. Damages in amounts to be determined at trial.

D. Punitive damages.

E. Statutory and treble damages where applicable.

F. Attorney's fees and costs.

G. Any further relief the Court deems just.

# VIII. <u>JURY DEMAND</u>

## <u>Plaintiff demands a jury trial on all issues so triable.</u>

## <u>DECLARATION IN LIEU OF NOTARY</u>

I, Shannon Young, declare under penalty of perjury under the laws of the United States of America, and 28 U.S.C. 1746, that the foregoing is true and correct.

Executed on this 30th  day of November, 2025.

Shannon Young

1935 Lamar Avenue, Apt. 15

Memphis, TN 38114

(346) 907-4584

yshannon783265@gmail.com