**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS**

| | | |
|---|---|---|
| SHANNON YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:25-cv-03087-SHL-cgc |
| v. | ) | |
| | ) | Chief District Court Judge Lipman |
| APPLE INC., | ) | Magistrate Judge Claxton |
| | ) | |
| Defendant. | ) | |

**DEFENDANT APPLE INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTIONS FOR A PRELIMINARY INJUNCTION AND FOR EXPEDITED HEARING**

Plaintiff Shannon Young's request for a preliminary injunction to "restore access" to his Apple ID accounts is procedurally defective and substantively flawed. (Doc. 22). The motion violates this Court's local rules and fails to set forth the necessary irreparable harm. Therefore, the motion, as well as Plaintiff's related motion for an expedited hearing (Doc. 21), should be denied.

**ARGUMENT**

Local Rule 7.2 requires Plaintiff to meet and confer with Apple prior to filling his motions for a preliminary injunction and for an expedited hearing and to attach a certificate of consultation to his motions evidencing that meet and confer. *See* LR 7.2(a)(1)(B). Plaintiff carries the burden to initiate the meet and confer conference. *See id.* In this instance, Plaintiff did not initiate any meet and confer with Apple prior to filing his motions and, relatedly, did not attach the required certificate of consultation to either of his motions. On this basis alone, Plaintiff's motions should

be denied.  *Id.* ("Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion.").

Apart from the procedural deficiency, Plaintiff's motion for a preliminary injunction also fails on the merits because he cannot meet the elements required to establish entitlement to a preliminary injunction.  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)).  To determine whether a party is entitled to the extraordinary remedy of a preliminary injunction, courts are to consider: "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued, (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." *Id.* (citing *Leary*, 228 F.3d at 736).  "When one factor is dispositive, [the Court] need not consider the others." *D.T. v. Sumner Cty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019).

"The Sixth Circuit has described [the irreparable injury] factor as 'indispensable' for 'if the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief now as opposed to the end of the lawsuit." *Tiger Lily LLC*, 499 F.Supp.3d at 549 (quoting *Sumner Cty. Schs.*, 942 F.3d at 327).  Thus, "a district court is 'well within its province' when it denies a preliminary injunction based solely on the lack of an irreparable injury." *Id.* (citing *S. Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 (6th Cir. 1991)).

To demonstrate irreparable harm, a plaintiff must show his "injuries are both 'certain and immediate' and not 'speculative or theoretical.'" *Tennessee v. Becerra*, 117 F.4th 348, 368 (6th Cir. 2024) (quoting *Sumner Cty. Schs.*, 942 F.3d at 327); *see Saedo Alkabsh v. United States*, 733

F.Supp.2d 929, 938 (W.D. Tenn. 2010) (Donald, J.) ("Speculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant."). "[S]imply showing some possibility of irreparable injury fails to satisfy the [this] factor." *Nken v. Holder*, 556 U.S. 418 (2009) (internal quotations omitted).

Plaintiff contends he has been "deprived of unique digital property, including personal photographs and data that cannot be replaced." (Doc. 22 at 3). This does not describe a "certain and immediate harm" because Plaintiff does not allege that his data is in danger of being lost or deleted. *Becerra*, 117 F.4th at 368. Plaintiff does not identify any prospective, let alone irreparable, harm requiring emergency relief. *See, e.g., id.* (alleged harm of $7 million in financial damages combined with reputational harm insufficient to establish "irreparable harm").

Plaintiff cites *In re Facebook Biometric Information Privacy Litigation*, 326 F.R.D. 535, 550 (N.D. Cal. 2018) for the proposition that "loss of control over personal digital data constitutes concrete harm." (Doc. 22 at 3). Plaintiff's reliance on that unbinding opinion is misplaced. The plaintiffs in *Facebook Biometric* alleged, "Facebook collect[ed] and store[d] their data without prior notice of consent in violation of their privacy rights." *In re Facebook Biometric Information Privacy Litigation*, 326 F.R.D. at 550. The plaintiffs did not allege they lost access to their personal data because they forgot their passwords—as Plaintiff here alleges—and the opinion addresses class certification, not whether plaintiffs were entitled to a preliminary injunction based on irreparable harm. As Plaintiff has not shown any possibility, let alone "some possibility of irreparable injury," he "fails to satisfy the second factor," and the Court can deny Plaintiff's motion for a preliminary injunction on this basis alone. *Nken*, 556 U.S. at 418; *Tiger Lily LLC*, 499 F.Supp.3d at 549.

Plaintiff fares no better under the other factors. He cannot show a strong likelihood of success on the merits because each of the claims raised in his First Amended Complaint is deficient and subject to dismissal. *See* Apple's pending Motion to Dismiss Plaintiff's First Amended Complaint and supporting Memorandum (Doc. 22); *Montgomery v. Conrad*, No. 3:21-00820, 2022 U.S. Dist. LEXIS 105913, at \*3-4 (M.D. Tenn. June 14, 2022) ("At this early point in the litigation, [plaintiff's] likelihood of success on his claims is no greater than that of [the defendant], who has raised defenses in a pending motion to dismiss."). For this additional reason, Plaintiff's motions should be denied.

## CONCLUSION

Plaintiff did not attempt to meet and confer with Apple before filing his motions in violation of this Court's local rules. Moreover, Plaintiff cannot show he is entitled to the extraordinary remedy of a preliminary injunction because he cannot show any prospective irreparable injury or likelihood of success on the merits. Therefore, Plaintiff's motions and request for a preliminary injunction should be denied.

Dated this 22th day of April, 2026.

Respectfully submitted,

**LEWIS THOMASON, P.C.**

By: s/ Robert F. Chapski
Robert F. Chapski, BPR No. 022043
Henry O. Cashen, BPR No. 041227
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203
Phone: 615-259-1366
Facsimile: 615-259-1389
rchapski@lewisthomason.com
hcashen@lewisthomason.com

*Attorneys for Defendant Apple Inc.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2026 a copy of the foregoing Response was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Shannon Young
1935 Lamar Avenue
Memphis, Tennessee 38114
(346) 907-4584
yshannon783265@gmail.com

*Plaintiff Pro Se*

Dated this 22th day of April, 2026.

s/ Robert F. Chapski
Robert F. Chapski