**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SHANNON YOUNG,<br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:25-cv-3087-SHL-cgc |

**ORDER ADOPTING REPORT AND RECOMMENDATION,**
**DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE,**
**AND DENYING MOTION FOR LEAVE TO AMEND**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation (the "R&R") filed August 26, 2026, recommending that the Court grant Defendant Apple Inc.'s ("Apple") Motion to Dismiss pro se Plaintiff Shannon Young's First Amended Complaint for failure to state a claim for which relief can be granted, and deny Young's motion for a preliminary injunction based on his failure to establish a strong likelihood of success on the merits as to his underlying claims. (See ECF No. 32.) Given those recommendations, Judge Claxton also recommends that Young's motions to compel arbitration, for an expedited hearing, and for expedited consideration of the motion for preliminary injunction be denied as moot. (Id. at PageID 217.)

Young filed his Specific Objections to the R&R on August 28, 2026, asserting eleven objections. (ECF No. 33.) Apple filed a response to Young's objections on September 10, 2026. (ECF No. 36.) The next day, Young filed a Motion for Leave to File Limited Reply in Support of Specific Objections to Report and Recommendation (ECF No. 37), to which Apple responded on

September 25, 2026 (ECF No. 40).[1] For the reasons described below, the Court **ADOPTS** the R&R and **DISMISSES** Young's First Amended Complaint for failure to state a claim for which relief can be granted, **DENIES** his motion for preliminary injunction, **DENIES AS MOOT** his motions to compel arbitration, for an expedited hearing, and for expedited consideration of the motion for preliminary injunction, and **DENIES** his motion for leave to reply to Apple's response to his objections to the R&R,[2] as well as his motion for leave to file his second amended complaint.

## BACKGROUND

Young's five-count First Amended Complaint is based on what he alleges is Apple's "ongoing denial of [his] access to lawfully created Apple ID accounts containing irreplaceable personal digital property, including family photographs and communications." (ECF No. 20 at PageID 113.) According to Young, "[d]espite [him] being the original account creator, Apple has imposed unilateral authentication barriers and refused reasonable identity verification alternatives, resulting in permanent deprivation of access." (Id.)

Young details the manner in which Apple has denied him access to his accounts, alleging that, at the time he created the accounts, "Apple utilized **security-question based authentication systems**," but "later transitioned to mandatory **two-factor authentication**

---

[1] The same day that Young filed his motion for leave to reply to the response to his R&R objections, he also filed a Motion for Leave to File Second Amended Complaint. (ECF No. 38.) Apple responded in opposition on September 25. (ECF No. 39.) Young's motion to amend is addressed below, after the Court's consideration of his objections to the R&R.

[2] Under the Local Rules, "[e]xcept as provided by LR 12.1(c) and LR 56.1(c), reply memoranda may be filed only upon court order granting a motion for leave to reply. Such motion for leave must be filed within 7 days of service of the response." LR 7.2(c). At the same time, "[t]his Court frowns on replies (or sur-replies) that simply seek to have the last word." Drexel Chem. Co. v. Gowan Co., LLC, No. 2:22-cv-2438-MSN-cgc, 2022 WL 19403869, at *4 (W.D. Tenn. Sept. 12, 2022). As important, a reply is not necessary for the Court to make its determination as to the R&R.

**(2FA)**." (Id. at PageID 114–15.) Young alleges that the new authentication system "materially altered account recovery mechanisms without providing [him] alternative identity verification pathways," and he ultimately "was not provided a functional or equivalent recovery mechanism capable of restoring access to legacy accounts." (Id. at PageID 115.) As a result, Young "has been permanently locked out of multiple Apple ID accounts," and, despite his "repeated good-faith efforts," has been deprived access to "Emails, iMessages, Photographs, and Cloud-stored personal files," many of which "are irreplaceable, including family photographs of deceased relatives." (Id.)

As Judge Claxton details in her analysis of Apple's Motion to Dismiss (ECF No. 24), the First Amended Complaint seeks relief on five grounds, including statutory-based claims for violations of the Stored Communications Act, 18 U.S.C. § 2701 (the "SCA"), the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (the "CFAA") and the Tennessee Consumer Protection Act, Tennessee Code Annotated § 47-19-101, et seq. (the "TCPA"), as well as for claims under Tennessee law for negligence and conversion.

In its Motion to Dismiss,[3] Apple argues that Young has failed to state a claim for relief under any of the theories he alleges. According to Apple, Young failed to allege that it intentionally accessed his communications, an essential element of a claim under the SCA. (ECF No. 24-1 at PageID 147–49.) Apple also asserts that the CFAA is inapplicable to Young's claims, and the case he cites to suggest otherwise does not include the quotation that he relies on. (Id. at

---

[3] As Judge Claxton explained in the R&R, although Young filed a response to Apple's motion to dismiss his original complaint (see ECF No. 14), he did not initially respond to the motion to dismiss the First Amended Complaint. After Judge Claxton entered an order to show cause (ECF No. 28), Young asserted that his response to the original motion to dismiss sufficiently responded to the motion to dismiss the First Amended Complaint, but nevertheless attached a separate proposed response (ECF No. 29, PageID 186–191). Judge Claxton's R&R considered Young's supplemental corrected response. (ECF No. 32 at PageID 210.)

PageID 149–50.) Apple argues that Young's negligence claim should be dismissed because any duties it owed to Young were based in contract, not in tort, and that, in any event, Young has not alleged any breach. (Id. at PageID 150.) As to Young's claim for conversion, Apple argues that not only has Young failed to plead the essential elements of such a claim, but also, under Tennessee law, conversion is inapplicable to the sort of intangible property at issue here. (Id. at PageID 151–53.) Finally, Apple argues that Young's claims under the TCPA should be dismissed because Young does not allege that it engaged in any acts or practices declared unlawful under the statute, and that Young has nevertheless failed to plead with the requisite specificity of such a claim. (Id. at PageID 153–55.)

In the R&R, Judge Claxton determined that Young failed to state a claim under any of the five counts asserted in his First Amended Complaint. She explained that Young's claim under the Stored Communications Act fails because he did not confront the fundamental point Apple asserts in its motion to dismiss: that Young's claim alleges "the inverse of what the statute prohibits—Plaintiff has locked himself out of his accounts rather than anyone taking action to prevent him from accessing his accounts." (ECF No. 32 at PageID 213.)

The R&R also explained that Young failed to sufficiently plead that he was entitled to recover under the CFAA, as he did not allege that the loss he suffered satisfies the statutory minimum. (Id. at PageID 213–14.) As to the negligence claim in Young's First Amended Complaint, the R&R explains that dismissal is warranted based on Young's failure to sufficiently allege that Apple owed him a duty of care, without which a claim for negligence cannot survive. (Id. at PageID 214–15.) The R&R also explained that the Young failed to state a claim for conversion because he did not allege that Apple "has appropriated the accounts for its own use and benefit," one of three elements of a conversion claim under Tennessee law. (Id. at PageID

215 (citing PNC Multifamily Cap. Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp., 387 S.W.3d 525, 553 (Tenn. Ct. App. 2012)).) Finally, Judge Claxton determined that Young's conclusory allegations in the First Amended Complaint lacked the specificity required to state a claim for a violation of the TCPA. (Id. at PageID 215–16.)

The first three of Young's eleven objections address the R&R's conclusions as to the injunctive relief he sought pursuant to Federal Rule of Civil Procedure 65. Objections 4–7 and 9 address various factual findings and legal conclusions from the R&R. Objection ten asserts that the undersigned should reject the R&R's conclusion that certain of Young's claims are moot based on his failure to state an underlying claim. Finally, the last objection asserts, as Young does throughout several of his other objections, that, if the undersigned is inclined to adopt the R&R, Young should be given the opportunity to amend his complaint a second time to correct the deficiencies identified in the R&R.

As explained below, the objections are without merit and the R&R is **ADOPTED** in its entirety.

## LEGAL STANDARD

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations dismissal of an action. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

The Court evaluates de novo each of Young's objections, grouping them by subject rather than in the order in which Young presented them.

### I. Objections

A. Specific Objection No. 4: The Report Improperly Accepts Apple's Factual Framing that Plaintiff "Locked Himself Out"; and Specific Objection No. 9: The Report Should not Dismiss the Stored Communications Act Claim without Construing Plaintiff's Allegations in His Favor or Allowing Amendment

Young objects to the R&R's characterization that he "locked himself out of his accounts rather than anyone taking action to prevent him from accessing his accounts." (ECF No. 33 at PageID 225.) According to Young, this mischaracterization turns the 12(b)(6) standard on its head by not taking his allegations as true and construing them in his favor. By not construing the allegations as true, Young asserts that the "adverse factual framing affects its analysis of the Stored Communications Act, negligence, conversion, and preliminary-injunction issues." (Id. at PageID 226.)

Yet, whether the R&R's characterization of Young's predicament accurately describes that he was responsible for locking himself out of his account is of little consequence, as this characterization does not alter the fact that, when the factual allegations from Young's amended complaint are construed in his favor, he has failed to state a claim under the SCA.

Young's amended complaint alleges a violation of § 2701(a)(2) of the SCA, which provides that it is unlawful for an entity to intentionally exceed an authorization to access a facility through which an electronic communication service is provided and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system. As the R&R explained, although Young has alleged that Apple has prevented authorized access to his accounts, he does not allege that Apple did so by acting

without authorization or by intentionally exceeding an authorization, the factual predicate necessary for this cause of action..

Rather, Young asserts that "Apple's refusal to permit access constitutes intentional prevention of authorized access in violation of § 2701(a)(2)." (ECF No. 20 at PageID 117.) However, that is a legal conclusion, and even pro se plaintiffs are not entitled to have their legal conclusions construed in their favor. See D'Ambrosio v. Marino, 747 F.3d 378, 383 (6th Cir. 2014) (the court "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.") (quoting Terry v. Tyson Farms, Inc., 604 F.3d 272, 275–76 (6th Cir. 2010)). Based on the factual allegations in his amended complaint, Young has failed to state a claim under the SCA.

Young's objections to the SCA-related findings in the R&R are baseless, and these objections are **OVERRULED**.

**B.** Specific Objection No. 5: The Report Erred in Recommending Dismissal of Negligence by Assuming Plaintiff Seeks Relaxed Authentication Rather than Secure Data Retrieval

Young takes issue with the R&R's characterization of the relief he seeks from Apple. That is, he asserts that he seeks a "reasonable and non-arbitrary recovery mechanism," and is not seeking a blanket relaxation of the authentication methods that Apple employs. However, the remedy he seeks, and the reasonableness of it, are considerations that would only be relevant, if ever, after a finding that Young demonstrated the elements of a negligence claim. He has not.

To state a claim for negligence in Tennessee, a party must prove five elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the applicable standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate, or legal cause." Kellner v. Budget Car & Truck Rental, Inc., 359 F.3d 399,

403 (6th Cir. 2004) (quoting Bennett v. Putnam Cnty., 47 S.W.3d 438, 443 (Tenn. Ct. App. 2000)). The R&R concluded that Young failed to indicate how any duty Apple owed to him arises.

In its motion to dismiss, Apple argued that its duties to Young "are circumscribed by the terms and conditions of his iCloud account usage," and, under Tennessee law, "[i]f 'the only source of duty between a particular plaintiff and defendant is their contract with each other, then a breach of that duty, without more, ordinarily will not support a negligence action.'" (ECF No. 24-1 at PageID 151 (quoting Harris v. Nationwide Mut. Fire Ins. Co., 367 F. Supp. 3d 768, 774 (M.D. Tenn. 2019)).)

So, to be more precise, Apple did have a duty to Young as laid out in their agreement, but Young failed to explain how the parties' contractual relationship would not delineate all of Apple's obligations to him or point to any special circumstances about the relationship between the parties that would impose upon Apple any common law duty independent of the contract. See Permobil, Inc. v. Am. Exp. Travel Related Servs. Co., 571 F. Supp. 2d 825, 842 (M.D. Tenn. 2008). Young's failure to do so renders his claim for negligence deficient, and thus this objection is **OVERRULED**.

**C.** Specific Objection No. 6: The Report Erred in Recommending Dismissal of the TCPA Claim Because it Overlooks Plaintiff's Specific Payment-Method and Active-Subscription Allegations

The R&R found that Young failed to plead with the required specificity the proof that would substantiate any intention on Apple's part to deceive him or the public, as required to state a claim under the TCPA. (ECF No. 32 at PageID 216.) Young does not dispute that asserting a claim for deception under the TCPA requires a party to plead with particularity, but argues that his amended complaint contains the requisite particularity to survive a motion to dismiss.

As Defendants point out, and Young does not dispute, "TCPA claims are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b)," which means that "the 'unfair and deceptive acts' that make up the TCPA claim must be pled with 'specificity' and 'particularity.'" Rajapakse v. Memphis Light, Gas & Water Div., No. 12-2807-JDT-DKV, 2013 WL 3803979, at *13 (W.D. Tenn. July 19, 2013) (quoting Am. Serv. Grp., Inc. v. Zurich Am. Ins. Co., No. 3:10–CV–0616, 2011 WL 1884164, at *5 (M.D. Tenn. May 17, 2011)).

Young points to allegations in his amended complaint, including that Apple represented to him that an active subscription existed and then refused to identify the alleged subscription and prevented him from removing his debit card. Young does not explain with any particularity how these acts would qualify as deceptive under the TCPA. Even more, although Young alleges TCPA violations, he does not identify which provision of the TCPA would be applicable to his claim. The law in Tennessee is clear that, for claims made under the TCPA, a party "can only sue for damages based on one of the specific subsections of Tenn. Code Ann. § 47-18-104(b)." Harding v. BMW of N. Am., LLC, No. 3:20-CV-00061, 2020 WL 5039439, at *3 (M.D. Tenn. Aug. 26, 2020). Young does not explain which of § 47-18-104(b)'s seventy-eight subsections would be applicable to his claim, and the Court has not identified any. Therefore, this objection is also **OVERRULED**.

**D.** Specific Objection No. 7: The Report Erred in Recommending Dismissal of Conversion by Framing the Property Interest Too Narrowly as "Account Access"

Young argues that the R&R improperly framed his conversion claim, as his "conversion theory is not merely about 'account access,'" instead he "alleges Apple exercises exclusive control over identifiable personal data: photographs, documents, communications, contacts, and cloud-stored files. The accounts are the gateway; the personal data is the property interest." (ECF No. 33 at PageID 230.)

As the R&R explained, conversion under Tennessee law requires a party to prove three things: "(1) the appropriation of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights." PNC Multifamily, 387 S.W.3d at 553. The R&R found that Young "does not allege that Defendant has appropriated the accounts for its own use and benefit. All that is alleged is that Plaintiff cannot regain access to the accounts through the methods established by Defendant." (ECF No. 32 at PageID 215.)

In his objection, Young asserts that the R&R failed to address the second and third elements of a conversion claim. (ECF No. 33 at PageID 230.) Although accurate, the objection does not reckon with what the R&R says about the first element of the claim, that is, that Young has failed to allege that Apple has appropriated his property for its own use and benefit. The absence of any allegation that would support the first element of a conversion claim is fatal to Young's claim for the same. Thus, this objection is **OVERRULED**.

**E.** Specific Objection No. 8: The Report Should Not Dismiss The CFAA Claim Without Leave to Amend Where the Alleged Deficiency is Curable; Specific Objection No. 10: The Report Should Not Recommend Denial Of Plaintiff's Expedited and Related Motions as Moot if Dismissal is Rejected or Amendment is Allowed; and Specific Objection No. 11: The Report Should Not Be Adopted Without Granting Leave To Amend Any Curable Pleading Deficiencies

The crux of these objections is that the Court should not adopt the R&R before giving Young the opportunity to amend his complaint again to remedy the deficiencies the R&R identified. Young scatters similar requests to amend throughout several of his other objections. But objections to an R&R are an improper mechanism for seeking to amend a complaint. To the extent the request to amend forms the basis of any of Young's objections, those objections are **OVERRULED**. The Court addresses Young's separately filed motion to amend below.

**F.** Specific Objection No. 1: The Report Mischaracterizes Plaintiff's Requested Relief as Account Restoration Rather Than Temporary Data Retrieval and Preservation; Specific Objection No. 2: The Report Fails to Analyze Apple's Correspondence Showing that Data Retrieval is Feasible; and Specific Objection No. 3: The Report Fails to Conduct a Complete Rule 65 Analysis of Plaintiff's Narrowed Request for Temporary Data Retrieval

The crux of each of these objections is that the R&R failed to address the merits of Young's claim that he was entitled to injunctive relief based on the R&R's conclusion that he failed to state a claim upon which relief can be granted.

There is a distinction, of course, between what Apple may be capable of doing, and what it is obligated to do under the law, and, more to the point, whether Young is entitled to the extraordinary relief he seeks in the form of an injunction. Young correctly points out that courts consider multiple factors when determining whether a party is entitled to a preliminary injunction. To obtain injunctive relief under federal law, Young "bears the burden of making a 'clear showing that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Hess v. Oakland Cnty., Michigan, 174 F.4th 981, 991 (6th Cir. 2026) (quoting Starbucks Corp. v. McKinney, 602 U.S. 339, 345 (2024)). Although courts are to balance the factors and no single factor is determinative, "a finding that there is simply no likelihood of success on the merits is usually fatal." Gonzales v. National Bd. of Med. Examiners, 225 F.3d 620, 625 (6th Cir. 2000).

For the reasons laid out above as to each claim, Young has failed to make a clear showing that he is likely to succeed on the merits of any of his causes of action. Accordingly, Young's first three objections, which each have as their foundation the position that the R&R erred in concluding he was not entitled to injunctive relief, are **OVERRULED**. To the extent that Young objected to the R&R's conclusions that his remaining motions should be denied as moot, that is,

his motion to compel arbitration (ECF No. 8), for an expedited hearing (ECF No. 21), and for expedited consideration of pending motion for preliminary injunction (ECF No. 31), those objections are also **OVERRULED**, as those motions have all been rendered moot by the adoption of the R&R.

Given the foregoing, the Court therefore **ADOPTS** the Magistrate Judge's R&R. The only question that remains, then, is whether Young should be permitted to amend his complaint for a second time.

## II. Motion to Amend

As noted above, Young peppered his objections with requests for leave to amend his once-amended complaint in order to cure the deficiencies identified in the R&R. In its response to Young's objections, Apple pointed out that objections to an R&R are an improper vehicle for seeking leave to amend, as "[t]he proper procedure for a party seeking leave to amend is to file a motion under Rule 15(a), not in a list of objections to an R&R." (ECF No. 36 at PageID 261.)

Although he did not concede that dismissal consistent with the R&R was proper, Young separately filed a motion to amend following Apple's response to his objections. (ECF No. 38.) Young explained that the motion was filed "in the alternative to his pending objections. If the Court sustains Plaintiff's objections, amendment may not be necessary. If the Court concludes that any claim is insufficiently pleaded, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice." (Id. at PageID 278.) Having overruled Young's objections, the Court now addresses his request for leave to amend.

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). At the same time, courts "may deny a motion

to amend for, among other reasons, undue delay, bad faith by the movant, repeated failure to cure pleading deficiencies, undue prejudice to the opposing party, or 'futility of amendment.'" Ahmed v. Hamtramck Pub. Schs., 178 F.4th 975, 981 (6th Cir. 2026) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Apple asserts that leave to amend should be denied because of Young's delay, his prior opportunity to amend, along with the futility of the proposed amendment, which Apple asserts "largely repackages the same allegations from Plaintiff's First Amended Complaint . . . while adding conclusory assertions to address the deficiencies identified in the R&R." (ECF No. 41 at PageID 302.)

The Court agrees with Apple, and thus **DENIES** Young's motion to amend. Young has already amended once, and has demonstrated undue delay. (See supra n.3.) Specifically, after Apple filed a motion to dismiss his First Amended Complaint, Plaintiff rolled the dice, waited for the R&R to be issued, and when the R&R recommended dismissal, filed his "motion to cure any pleading deficiencies identified in the Report and Recommendation." (ECF No. 38 at PageID 277.) However, Young is "not entitled to an advisory opinion from the Court informing him of the deficiencies of the complaint and then an opportunity to cure those deficiencies." Williams v. Nickey Warehouses, Inc., No. 2:24-cv-02287-BCL-atc, 2026 WL 2475077, at *5 (W.D. Tenn. Aug. 24, 2026) (quoting Begala v. PNC Bank, Ohio, Nat. Ass'n, 214 F.3d 776, 784 (6th Cir. 2000); see also Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising [pro se] litigants as to what legal theories they should pursue.").

Moreover, and more importantly, the proposed amended complaint Young attached to his motion to amend only superficially addresses the deficiencies identified in the motion to dismiss and that which formed the basis of the recommended dismissal in the R&R. "A court may deny

a motion to amend as futile if the amended complaint could not withstand a Rule 12(b) motion to dismiss." Smith v. Loeb Bros. Realty, L.P., No. 2:21-cv-02428-SHL-cgc, 2021 WL 12296714, at *4 (W.D. Tenn. Dec. 30, 2021) (quoting Bearden v. Ballad Health, No. 2:19-CV-55, 2019 WL 6736453, at *4 (E.D. Tenn. Dec. 11, 2019), aff'd, 967 F.3d 513 (6th Cir. 2020)). Although the proposed second amended complaint contains additional details that flesh out Young's claims, including, for instance, an amount of losses that the R&R asserted was missing as to his claim under the CFAA (see ECF No. 38 at PageID 290), those details do not cure the shortcomings, as explained above and in the R&R, that warrant dismissal of the First Amended Complaint. Because the proposed second amended complaint could not survive a motion to dismiss, amendment would be futile. Therefore, Young's motion to amend is **DENIED**.[4]

## CONCLUSION

Given the reasoning above, the Court agrees upon de novo review with the conclusion of the Magistrate Judge: Young's complaint should be dismissed in its entirety, with prejudice. Young's motion to amend is also **DENIED**.

**IT IS SO ORDERED**, this 29th day of September, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] On September 28, Young sought leave to file a reply to Apple's response to his motion to amend. (ECF No. 42.) Young asserts that a narrowly focused reply is necessary to show, among other things, "why any remaining pleading concerns should be handled by allowing a narrowed or corrected amendment rather than denying leave entirely." (Id. at PageID 314.) Young attached the reply brief to his motion. (See ECF No. 42-1.) The reply is another example of Young trying to have the last word to which he is not entitled under the Local Rules and, even more consequentially, the Court's futility analysis is not altered by the arguments Young offers in his proposed reply. His motion for leave to file that reply is **DENIED**.